UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RENALDO RAMON PRESSWOOD,

        Petitioner,                               Case No. 21-cv-12878
                                                  Hon. Matthew F. Leitman

v.

RANDEE REWERTS,

        Respondent.
_____/

**ORDER (1) GRANTING PETITIONER'S MOTION
FOR A STAY (ECF No. 3) AND (2) ADJOURNING
RESPONDENT'S ANSWER DATE**

Petitioner Renaldo Ramon Presswood is a state inmate in the custody of the Michigan Department of Corrections. In 2017, a jury in the Genesee County Circuit Court convicted Presswood of first-degree murder. The state trial court then sentenced Presswood to life in prison without parole.

On December 2, 2021, Presswood filed a *pro se* petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. (*See* Pet., ECF No. 1.) In the petition, Presswood raises several claims challenging the jury instructions, the conduct of the prosecutor, the effectiveness of his trial and appellate counsel, and

1

his sentencing credit.[1] (*See id.*)  Presswood has also filed a motion to stay this case so that he can return to the state courts to exhaust a newly discovered evidence claim. (*See* Mot., ECF No. 3.)

A state prisoner who seeks federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. *See* 28 U.S.C. §§ 2254(b) and (c). *See also Picard v. Connor*, 404 U. S. 270, 275-78 (1971); *Walker v. Martin*, 562 U.S. 307, 315 (2011).  However, the dismissal of a pending habeas petition while a petitioner pursues state remedies for unexhausted claims could result in the subsequent petition being barred by the one-year statute of limitations for habeas petitions. *See* 28 U.S.C. § 2244(d). To avoid that time-bar, a federal court may opt to stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings. *See Rhines v. Weber*, 544 U.S. 269, 278 (2005).

---

[1] Respondent has not yet filed an answer to the habeas petition or filed the state court record with the Court.  Those materials are set to be due in June 2022. (*See* Order Requiring Response to Petition, ECF No. 5.)  That due date is **ADJOURNED**. Respondent need not file an Answer on that date.  Respondent may file a single, consolidated Answer to the Amended Petition after Presswood exhausts his new claim in state court and returns to this Court.  Respondent shall file that Answer no later than **90 days** after Presswood files his Amended Petition.

The Court believes that such a stay is appropriate here while Presswood attempts to exhaust his unexhausted claim in state court. Accordingly, Presswood's motion for a stay is **GRANTED**. This stay is conditioned upon Presswood presenting his unexhausted claim(s) to the state courts by filing a motion for relief from judgment in the state trial court within **ninety (90) days** of the date of this order. *See Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002) (discussing similar procedure). If that court denies Presswood's motion, he must seek timely review in the Michigan Court of Appeals and the Michigan Supreme Court in the manner provided under Michigan law. *See id.*

The stay is further conditioned on Presswood's return to this Court with a motion to amend his petition and reopen the case, using the same caption and case number included at the top of this order, within **ninety (90) days** of exhausting his state court remedies. If Presswood fails to comply with any of the conditions described in this order, the Court may dismiss his petition and/or rule only on his currently exhausted claim(s). *See Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014) (concluding that the district court's dismissal of a habeas petition was appropriate because the petitioner failed to comply with the conditions of the district court's stay).

**IT IS FURTHER ORDERED** that the Clerk of Court shall close this case for administrative purposes only. On receipt of Presswood's motion to amend his petition and reopen this case, the Court will order the Clerk to reopen this case for statistical purposes. Nothing in this Order or the related docket entry shall be construed as an adjudication of Presswood's current claims. *See Sitto v. Bock*, 207 F.Supp.2d 668, 677 (E.D. Mich. 2002) (closing a habeas case containing exhausted and unexhausted claims to avoid administrative difficulties and stating that "[n]othing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter").

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: January 26, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 26, 2022, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126